UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TROY JASON BRIGHAM,

                    Petitioner,                    Case No. 1:11-cv-1257

v.                                        Honorable Robert J. Jonker

WILLIE SMITH,

                    Respondent.
_____/

**OPINION**

          This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

          After Petitioner filed his petition, but before the Court conducted its preliminary review, Petitioner filed a motion to stay these proceedings because he intended to add six "newly discovered" grounds to his petition (docket #4). The Court denied the motion to stay, but directed Petitioner to file an amended petition stating all of the claims that he intended to raise in this proceeding (docket #5). The Court gave Petitioner 28 days to comply with its order and indicated

that, if Petitioner failed to file an amended petition within the time allowed, the Court would proceed with the original petition.  More than 28 days have elapsed since the Court's order and Petitioner has not filed an amended petition.  Thus, the Court has reviewed the original petition as required by Rule 4 and it concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### Factual Allegations

Petitioner Troy Jason Brigham is a state prisoner incarcerated at the Carson City Correctional Facility.  In 2010, he pleaded no contest to the following charges:  first-degree home invasion, MICH. COMP. LAWS § 750.110a(2); two counts of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3); safe breaking, MICH. COMP. LAWS § 750.531b; felon-in-possession, MICH. COMP. LAWS § 750.224f; two counts of felony-firearm, MICH. COMP. LAWS § 750.227b; and breaking-and-entering with intent to commit a felony, MICH. COMP. LAWS § 750.110.  On April 12, 2010, Petitioner was sentenced to the following terms of incarceration: 13 years and six months to 30 years for the first-degree home invasion conviction; 10 to 25 years for each of the second-degree home invasion and felon-in-possession convictions; 2 years for the each of the felony-firearm convictions; and 39 months to 25 years for the breaking-and-entering conviction.

Petitioner raises the following grounds for relief in his petition:

I. Was defendant deprived of his fifth and sixth amendment right to counsel during those "critical pretrial stages" after pre-preliminary examination without representation until defendant appeared at Circuit Court preliminary examination?

II. Did trial attorney's actions or omissions deprive defendant of effective assistance of counsel by his failure to file defendant's motion for dismissal due to violation of defendant's Sixth Amendment right to fast speedy trial?

III.     Did trial attorney render ineffective assistance pursuant to [Rule 6.120(c) of the Michigan Court Rules] by his failure to file for severance motion which allowed the prosecution to "gang tackle" defendant and deprive the defendant's fundamental rights to achieve fairness during those "critical pre-trial stages"?

IV.     Did trial attorney render deficient performance by failing to file an interlocutory appeal after the trial court had abused its discretion by its misapplication of state and federal law to suppress defendant[']s illegally obtained statements in direct violation of defendant's constitutional right under the V, VI, and XIV amendments?

V.      Did trial attorney vigorously attack or challenge officers testimony as they were riddled with inconsist[e]ncies and discrep[]ancies?

VI.     Was defendant's Fourteenth Amendment right to due process violated due to the "cumulative errors" in issues I - VIII?

VII.    Did law enforcement officials violate defendant's right to counsel and gain tactical advantage over defendant during that "critical pre-trial stage" when defendant was without counsel to elicit statements?

VIII.   Were the statements made to law enforcement officials obtained illegally under *Edwards*, *Miranda*, and *Roberson* a poisonous tree?

IX.     Should the statements to police made by the defendant while in continuous physical custody and without the presence of assistance of counsel be suppressed as they were obtained in violation of U.S. and Michigan Constitutions as well as relevant law?

X.      Absent the improperly admitted incriminating statements, is it clear beyond a reasonable doubt a jury would have returned a guilty verdict?

(*See* Pet., docket #1, Attachs. A-J).

Petitioner appealed his convictions to the Michigan Court of Appeals, which denied the appeal on September 24, 2010, for lack of merit in the grounds presented. Petitioner sought further review by the Michigan Supreme Court, which denied his application for leave to appeal on March 8, 2011, because it was not persuaded that the questions presented should be reviewed by that court.

### Discussion

Petitioner pleaded no contest to the charges at issue in his petition. (*See* Pet. at 1, docket #1.) It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The same is true for no-contest pleas. *United States v. Freed*, 688 F.2d 24, 25-26 (6th Cir. 1982). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. Petitioner does not challenge the power of the state to bring him into court; thus, the only means available for challenging his conviction is to claim that his plea is invalid.

The test for determining a plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). In order to find a plea constitutionally valid, several requirements must be met. The defendant pleading guilty (or no contest) must be competent, *see Brady v. United*

*States*, 397 U.S. 742, 756 (1970), and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm," "mental coercion overbearing the will of the defendant," *Brady*, 397 U.S. at 750, or "state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel," *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000). *See Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protections he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493. Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel).

Though Petitioner raises several claims regarding the effectiveness of his counsel's representation during the early phases of his criminal proceedings, Petitioner does not claim that his counsel's ineffectiveness undermined the validity of his plea. Petitioner makes several statements indicating that his decision to plead no contest may have been influenced by his counsel's allegedly ineffective assistance. For example, in Claim III Petitioner asserts that his counsel was ineffective for failing file a motion to sever the felony-firearm charge from the rest of the case, and in Claim IV

Petitioner asserts that his counsel was ineffective for failing to file an interlocutory appeal challenging the trial court's denial of his motion to suppress. In support of Claim III, Petitioner alleges that he "felt helpless in this desp[e]rate situation, and compelled to put himself in the mercy of the court and accept a plea bargain because any defense offered by trial attorney would have been a sham . . . with all (5) case dockets stacked against me, I had felt completely abandoned and after the motion to suppress, any defense offered with all the cases combined would have been a 'farce.'" (Pet., Attach. C, docket #1-1, Page ID#20.) Notwithstanding Petitioner's seemingly poor position with respect to success at trial, however, he does not claim that his counsel's ineffectiveness rendered his plea involuntary or invalid, nor does he contend that he would have would have rejected a plea if the court had severed his case or if his counsel had filed an interlocutory appeal. *See Hill*, 474 U.S. at 59 (holding that a defendant challenging a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Therefore, Petitioner's claims are barred under *Tollett*.

### Conclusion

Because Petitioner's claims are barred, the Court will summarily dismiss Petitioner's application pursuant to Rule 4.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly

NORMAL

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.


A Judgment and Order consistent with this Opinion will be entered.


Dated:     March 15, 2012                      /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE